UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Elliot,<br><br>                        Plaintiff,<br>vs.<br><br>Christopher S. Garbisch, individually<br>and in his official capacity as a<br>Minneapolis Police Officer,<br><br>                        Defendant. | **COMPLAINT**<br><br>Court File No.<br><br><br><br><br><br>**JURY TRIAL REQUESTED** |

## I. PRELIMINARY STATEMENT

1.      This is a civil rights case arising out of the use of unreasonable force by a Minneapolis Police Officer against a young man who was not committing any crime.  Joseph Elliot was on his way home from work at the Target Center when he was stopped by Minneapolis Police Officer Christopher Garbisch.  Though the officer did not have any basis to believe that Mr. Elliott had done anything wrong, Mr. Elliott was arrested and, in the process of the arrest, had his left thumb broken.  The injury was so severe it had to be surgically repaired.

2.   Plaintiff Joseph Elliott now commences this action against defendant Christopher Garbisch for violations of his rights under the United States Constitution, including his Fourth Amendment right not to be subject to unlawful arrest and unreasonable force.  Plaintiff's federal claims against the defendant are grounded in 42 U.S.C. §1983.

3.      Plaintiff demands that this action be tried to a jury.

## II. PARTIES

4.      Plaintiff Joseph Elliot is a resident of the City of Minneapolis, County of Hennepin, and State of Minnesota.

5.       Defendant Christopher S. Garbisch at all times relevant hereto, was a Minneapolis Police Officer acting within the course and scope of his employment.

## III. JURISDICTION

6.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (a) (3) and (4) and the aforementioned statutory and constitutional provisions.

## IV. FACTS

7.       On July 23, 2009, plaintiff Joseph Elliot went to work his shift at the Target Center in downtown Minneapolis.

8.       Mr. Elliot completed his shift and clocked out shortly after 11:00 p.m.  He then caught a bus home to North Minneapolis.

9.       Mr. Elliot took the number 19 bus to 14th and Penn in Minneapolis.  After he got off the bus, Mr. Elliot began walking west bound on 14th Avenue towards Sheridan Avenue.

10.      When Mr. Elliot got in the area of 14th and Russell, he started to take a short cut through a friend's yard.  Having noticed a disturbance in the area, Mr. Elliot asked a friend who he saw what was going on.  As Mr. Elliot was talking to the friend he was approached from behind by a Minneapolis Police Officer.

11.      Upon information and belief, this police officer was the defendant, Officer Christopher Garbisch.

12.      Upon further information and belief, the badge number or employee identification number of Officer Garbisch is and was on July 23, 2009, 2214.

13.     Officer Garbisch asked to see the bag that Mr. Elliot had with him.  The bag contained Mr. Elliot's work clothes.  Mr. Elliot promptly gave the officer his bag to inspect when he was asked to do so.

14.     Immediately after the officer took the bag from Mr. Elliot, he told Mr. Elliot to walk to his police squad car and put his hands on the hood and not to move.  Again, Mr. Elliot complied.

15.     As he was standing by the squad car with his hands on the hood, Mr. Elliot asked the defendant if he could tell him what was going on.  Officer Garbisch replied by saying "No!"

16.     Mr. Elliot then told the officer that he did not know what was going on.  Officer Garbisch replied by saying that Mr. Elliot "did not have to know shit."

17.     Mr. Elliot then began to explain to the officer that he had just gotten off of work and was on his way home.  As he was doing so, Mr. Elliot turned to try to read the officer's name and badge number.

18.     The officer responded by immediately pulling Mr. Elliot's right and left arms from the squad car hood and pushing him down on the hood of the squad car causing his head and chest to slam down on the hood.

19.     Officer Garbisch then pulled his right hand further up behind Mr. Elliot's back while at the same time grabbing Mr. Elliot's left thumb and twisting and flexing it with such force that it broke.  Mr. Elliot was then placed in handcuffs.  The officer then confined Mr. Elliot in the back of a squad car.

20.     Mr. Elliot remained handcuffed and confined in the squad car as the officer continued to inspect his work bag.

21.     The officer then continued to detain Mr. Elliot in the back of his squad car while he ran his identification.

22.     Mr. Elliot remained handcuffed and confined in the back of the squad car for another approximately 15 minutes.  All the while he experienced excruciating pain in his left hand around the thumb.

23.     Suddenly, the officer told Mr. Elliot to get out of the squad.  Mr. Elliot complied. The officer then removed the handcuffs and told Mr. Elliot to "get his shit" and go home.

24.     Mr. Elliot then explained to the officer that he was injured and asked him for his badge number.  The officer responded by saying he did not have to provide the information. However, Mr. Elliot did note the officer's badge number, 2214, and the number of a nearby squad, 420.

25.     Mr. Elliot then walked home and dropped off his work bag.  He then went to the Minneapolis Police Department Fourth Precinct and made a report about what had happened. Shortly thereafter, Mr. Elliot went by ambulance to North Memorial Hospital.

26.     The emergency room medical staff ultimately diagnosed Mr. Elliot's injuries as including an avulsion fracture of the left thumb with some subluxation at the metacarpophalangeal (MCP) joint.  The injury was severe enough to require surgery including open reduction internal fixation of the left thumb and surgical repair of the left thumb radial collateral ligament.

27.     At the time he was detained by Officer Garbisch, there was no reasonable or articulable basis to believe that Mr. Elliot had engaged in any criminal conduct.

28.     At the time he was later arrested by Officer Garbisch, there was no probable cause to believe that Mr. Elliot had committed any crime.

4

29.     All of the actions of Officer Garbisch as described above were objectively unreasonable as no reasonable police officer would have believed that such actions did not violate clearly established rights of Mr. Elliot.

30.     As a result of the Defendant's actions, Plaintiff Joseph Elliot has sustained physical injury, pain, and emotional distress, and continues to suffer great pain, and emotional distress.  He has also suffered lost wages.  His damages are in an amount greater than $50,000.

## V.  FEDERAL CLAIMS AGAINST CHRISTOPHER GARBISCH

### COUNT I:  UNREASONABLE SEIZURE:

Plaintiff realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows:

31.     The detention of Joseph Elliot, when there was no reasonable basis to believe he had committed any crime, and his subsequent arrest, when there was not probable cause to believe he had committed any offense, constitute unreasonable seizures in violation of Mr. Elliot's rights under the Fourth Amendment and in violation of 42 U.S.C. § 1983.

32.     As a result of Defendant Garbisch's actions and omissions, Plaintiff Joseph Elliot sustained injuries and incurred the damages as set forth in paragraph 30 above.

### COUNT II:  UNREASONABLE USE OF FORCE.

Plaintiff realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows:

33.     Defendant Christopher Garbisch used force that was unreasonable in light of the then existing circumstances as judged from the perspective of a reasonable police officer at the scene when he, among other things, slammed Mr. Elliot against the hood of the squad car and thereafter twisted Mr. Elliot's left thumb and wrist with such force as to cause a serious thumb

fracture thereby depriving Joseph Elliot of his right under the Fourth Amendment to the United

States Constitution to be free from unreasonable force in violation of 42 U.S.C. § 1983.

34.     Such conduct of Christopher Garbisch was objectively unreasonable and the

unlawfulness of such actions or omissions was apparent in light of clearly established law.

35.     As a result of these actions and omissions by Defendant Garbisch, Plaintiff Joseph

Elliot sustained the injuries and incurred the damages as set forth in paragraph 30 above.

## VI.  PUNITIVE DAMAGES

### COUNT III:  PUNITIVE DAMAGES UNDER FEDERAL LAW

Plaintiff realleges the above allegations as if hereinafter set forth in full and further states

and alleges as follows:

36.     All of the aforementioned acts, errors and omissions of Defendant Christopher

Garbisch were committed in bad faith and with reckless disregard for the rights and safety of

Plaintiff as well as other citizens so as to subject said Defendant to punitive damages pursuant to

the statutes and common law of the United States of America.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Elliot respectfully prays that this Court grant him relief

as follows:

1.     Awarding judgment in favor of Plaintiff Joseph Elliot against Defendant in an

amount greater than $50,000.00 in compensatory damages.

2.     Awarding judgment in favor of Plaintiff Joseph Elliot against Defendant

Christopher Garbisch in an amount greater than $50,000.00 as and for punitive damages pursuant

to 42 U.S.C. § 1983.

3.     Awarding Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4.      Awarding Plaintiff his costs and disbursements incurred herein.

5.      For such other and further relief as to the Court is just and equitable.

GOETZ & ECKLAND P.A.

By: _____
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552

ATTORNEY FOR PLAINTIFF

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney

and witness fees may be awarded to the Defendant.


FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552

ATTORNEY FOR PLAINTIFF